Leigh, J
delivered the resolution of the court. This court is unanimously of opinion, that there was no error in the refusal of the continuance. The affidavit upon which it was asked, merely stated, that the prisoner had four material witnesses (without naming them) absent and resident in the states of New York, New Jersey and Rhode Island, and that their testimony was necessary in order to his having a fair trial. The affidavit did not state, either that the prisoner had made any effort to procure their attendance, or that he had any reasonable ground to believe he could procure their attendance at any subsequent term. If the mere affidavit of a prisoner, of the absence of witnesses resident in distant states, were regarded as sufficient to entitle him to a continuance, it is obvious it would be an easy matter for any prisoner to delay his trial, almost at pleasure. The continuance, therefore, was rightly refused.
*717 The exception to the opinion of the court refusing to quash the indictment, states that the prisoner moved to quash the indictment, because the same had been found by the grand jury on the 10th June, previous to the examination of the prisoner, which took place at a called court for the town of Petersburg held for that purpose on the 11th; and that no indictment had been found subsequent to his examination. It is not stated, on what ground the court overruled the motion—whether because the facts were not as stated, or because the law did not require the examination to take place previous to the finding of the indictment by the grand jury.
This court is of opinion, that no one accused of a felony, can be tried .upon an indictment found before he has been examined by a county or corporation court. This was decided by this court, in 1804; Anon. 1 Virg. Ca. 144. Some of the judges doubt, whether it ought not to be taken, that the motion was overruled, because the facts were not as stated in the bill of exceptions. A majority of the court, however, is of opinion, either that enough appears to shew that the facts really were as they are stated, or if not, that the exception is so imperfect that the court cannot see whether the opinion of the court below was either correct or erroneous. And, therefore, the court is of opinion, that the judgment against the prisoner be reversed, and that ho be remanded to the jail of Petersburg: that in case the indictment was found before the prisoner was examined by an examining court, he ought not to be tried upon the present indictment; but if the indictment was in truth found after the prisoner had been examined, then a new trial ought to be had upon the present indictment, at the bar of the circuit superiour court of Petersburg.
Judgment reversed.